UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JAN VAN GELDER | § § |
| VS. | § § § C.A. _____ |
| | § |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY | § § § |

**COMPLAINT SEEKING DECLARATORY AND OTHER RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JAN VAN GELDER, Plaintiff, complaining of AMERICAN FAMILY LIFE ASSURANCE COMPANY, seeking declaratory and other relief, and in support thereof, would show the Court as follows:

**Parties**

1. Plaintiff, JAN VAN GELDER ("VAN GELDER") is a resident of Florida. For purposes of diversity jurisdiction, VAN GELDER is a citizen of the State of Florida.

2. Defendant, AMERICAN FAMILY LIFE ASSURANCE COMPANY ("AFLAC") is an insurance company doing business in the State of Texas which may be served by serving its agent Corporation Service Corp., 211 EAST 7TH STREET STE 620, AUSTIN, TX 78701. A waiver of service is being sought under Federal Rule 4. For purposes of diversity jurisdiction, AFLAC is a citizen of the State of Georgia.

3. Plaintiff has placed Defendant on notice under the Texas Insurance Code.

**Jurisdiction, Venue and Applicable Law to be Applied**

4. Venue properly lies in this Court because all of the acts giving rise to this litigation took place in this district. Accordingly, venue is proper pursuant to 28 U.S.C. § 124. In the alternative, Defendants issued a policy of insurance to VAN GELDER in this district. Venue is proper under 28 U.S.C. 1391(b)(2) in the Abilene Division.

5. Jurisdiction is proper in this Court because of diversity of citizenship. The parties to this cause of action are diverse as that term is understood under 28 U.S.C. § 1332. In addition, the amount in controversy, exclusive of attorney's fees and costs, exceeds $75,000.

6. The law of the State of Texas apply to the interpretation and enforcement of the policies attached, The law of the State of Texas applies to the original issuance of the policies of insurance, the notice to AFLAC by VAN GELDER and the indemnity payment claimed by VAN GELDER from AFLAC.

## Background

7. JAN VAN GELDER, an employee of the City of Big Spring in Howard County Texas was issued two policies of insurance by AFLAC on or about 10/1/12 and 3/1/12 respectively. A true and correct copy of these policies is attached as Exhibit 1 (The Specified Health Event Policy) and Exhibit 2 (The Accident Policy) respectively.

8. Following his injury on 3/10/2103 as an employee with the City of Big Spring, VAN GELDER filed claims with AFLAC under both policies. However, when he visited the local AFLAC office in Big Spring to inquire about his coverage, which had been bound in the workplace, he was told he was not covered. Based on information and belief, the representations made to VAN GELDER that AFLAC did not owe the duty, contractual or otherwise, to indemnify VAN GELDER

as a result of the injury to VAN GELDER were made by authorized representatives of AFLAC who could breach the contracts of insurance.

9. Prior to the incident, AFLAC issued policies of insurance to VAN GELDER (Exhibits "1" and "2").

10. According to the workers compensation claim, the incident took place on March 10, 2013, a date that fell within the effective date of the Policies.

11. VAN GELDER filed claims under the policies.

12. The policies outlined the responsibilities and obligations between AFLAC and VAN GELDER, including the provision of certain insurance benefits by AFLAC if a covered loss occurred.

13. Under the terms of the the policies AFLAC owed certain benefits to VAN GELDER due to covered losses on March 10, 2013.

14. More specifically, AFLAC was required to indemnify VAN GELDER due to a coma under the Specified Health benefit policy and was required to pay benefits due, including continuing benefits due under the Accident Policy.

15. Following the injury to VAN GELDER, Plaintiff requested indemnification from the AFLAC. Plaintiff also, by and through his attorney made AFLAC aware of their obligations under the Texas Insurance Code (Exhibit "3", Notice Letter of VAN GELDER to Defendant), and of the insurance promises.

16. AFLAC has made a partial payment, which VAN GELDER has accepted under protest due to his obligation to mitigate his damages. (Exhibit "4").

17.   VAN GELDER now brings this cause of action against AFLAC seeking declaratory and other relief, as more specifically outlined below.

### Declaratory Relief

18.   Pursuant to the terms of the written contract between VAN GELDER, and AFLAC, VAN GELDER is an insured.

19.   The Defendant issued certain documents representing the coverage of VAN GELDER.

20.   More specifically, the Policy provides, in pertinent part[1] as follows:

---

R. Primary Specified Health Event:.... Coma

Part 5 Benefits

   A.   First Occurrence Benefit...

C. Hospital Confinement Benefit: When a covered Person requires Hospital Confinement for the treatment of a covered Primary Specified Helaht Event, Aflac will pay $300 per day...

D. Continuing Care Benefit:  If, as the result of a covered Primary Specified Health Event, a covered person receives any of the following treatments from a licensed Physician, Aflac will pay $125 each day a covered person is charged....

E. Ambulance Benefit...

F. Transportation Benefit...1

G. Lodging Benefit

   I.   Waiver of Premium Benefit...
   II.
J. Continuation of Coverage Benefit....

---

21.   The provision in the Accident Policy[2] in the Policy reads as follows (in pertinent part): Part 5 Benefits: [ALL].

---

1 See Exhibit "1" at pages 5, 9-10.
2 See, Exhibit "2", pages 10-15.

22.     The Defendant has made a partial payment under the Accident Policy (Exhibit "4") which Plaintiff has accepted under protest. Defendant further represents that continued premium and/or waiver of premium does not apply.

23. The Defendant has denied coverage under the Specified Health Event Policy (Exhibit "4"). Defendant further represents that continued premium and/or waiver of premium does not apply.

24.     Plaintiff would show that he is entitled to other and different benefits than those paid to date under the subject policies and the injury in question.

25.     Accordingly, under the language and endorsements contained in the Policies, VAN GELDER qualifies as a covered insured, entitled to all the benefits that an insured should have under the Policies. Additionally, the prompt acknowledgement and investigation endorsement provides the same promises that are codified in the Texas Insurance Code regarding the statutorily required response to Exhibit "3".

## Declaration of Coverage Sought

26.     Because the injuries and damages alleged by Plaintiff in the underlying claim, the terms and conditions of each of the endorsements operate to grant greater coverages to VAN GELDER as insured than that which has been acknowledged to date.

27.     In the alternative, the terms and conditions contained in each of the policy provisions and endorsements, collectively or separately, create an ambiguity with regard to the application of the endorsements with respect to VAN GELDER. Because the terms and conditions of the Specified Health Event Policy and its endorsements, and the Accident Policy and its Endorsements, either collectively or separately, create ambiguity, such ambiguity must be construed in favor of

coverage. As a result, AFLAC have a duty to provide indemnity to VAN GELDER as an insured under the Policy.

28. Accordingly, VAN GELDER now seeks a declaration from this Court pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code and pursuant to 28 U.S.C. §§ 2201 and 2202, that coverage exists under the policy of insurance issued by AFLAC, and that VAN GELDER is an insured under the policy of insurance. Furthermore, pursuant to the endorsements, and based on his status as insured under both policies, VAN GELDER seeks a further declaration from this Court that VAN GELDER is entitled to different and discrete indemnification for the reasonable amount of indemnity and fees as defined under the terms, conditions and endorsements of the Policies, as well as his claims. The benefits due and owing are unpaid in an amount in excess of the jurisdictional limit of the Court. VAN GELDER is entitled to attorney's fees required to obtain the declaration.

## Breach of Contract

29. VAN GELDER would show that AFLAC has breached the contract of insurance by failing to provide full indemnity under the contract of insurance issued by AFLAC.

30. As a result, and because of the underpayment by AFLAC, AFLAC has breached the contract by failing to provide benefits owed under the contract of insurance.

31. As a result of the breach of contract, VAN GELDER has had to retain counsel to to prosecute the instant matter.

32. As a further result of the breach of contract, VAN GELDER is entitled to recover damages, including but not limited to the following:

    1. Indemnity payments under both policies, discrete and different from that paid to date;

Complaint Seeking Declaratory and Other Relief

2. Attorney's fees incurred in notifying AFLAC of its obligations and securing declaratory relief from this Court; and

3. Attorney's fees incurred as a result of the breach of contract of AFLAC under Chapter 38 of the Texas Civil Practice & Remedies Code.

### Violations of the Texas Insurance Code

33. Pleading further, VAN GELDER would show that AFLAC violated the Texas Insurance Code. More specifically, AFLAC violated the Texas Insurance Code Section 541 by engaging and misleading or deceptive practices.

34. More specifically, AFLAC engaged in unfair practices by:

   a. Misrepresenting to VAN GELDER material facts or policy provisions relating to the coverage at issue (see paragraph 8 above); and

   b. Failing within a reasonable time to affirm or deny coverage of the claim and the obligations to VAN GELDER.

35. Each of the foregoing unfair practices was completed "knowingly," and each was a producing cause of injuries and damages to VAN GELDER. As a consequence of the knowing violation of the Texas Insurance Code, VAN GELDER is entitled to recovery of up to three times actual damages, exclusive of attorney's fees.

36. Furthermore, the claims presented by VAN GELDER for coverage and for indemnity are claims under an insurance policy with AFLAC. AFLAC had proper notice from VAN GELDER on Apr. 19, 2016 (Exhibit "3"). However, even after proper notice, AFLAC tacitly was silent, and thus wrongfully denied the indemnity. As a result, AFLAC has violated the prompt payment of claims provision of the Texas Insurance Code, Section 542.051, et. seq. and VAN GELDER is

entitled to additional recovery under the Prompt Payment of Claims provision of the policy. AFLAC violated Texas Insurance Code Section 542.051 et. seq by:

    a. Failing to acknowledge receipt of the claim, commence a reasonable investigation of the claim, and/or request from VAN GELDER all items, statements, and forms that AFLAC reasonably believed would be required of them in the time constraints provided by Texas Insurance Code Section 542.055;

    b. Failing to notify VAN GELDER in writing of its acceptance or rejection of the claims within the applicable time constraints provided by Texas Insurance Code Section 542.056; and/or by

    c. Delaying payment of the claim following the tender and receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Texas Insurance Code Section 542.058.

### Breach of the Duty of Good Faith and Fair Dealing

37. Furthermore, AFLAC breached the common law duty of good faith and fair dealing owed to VAN GELDER by denying or delaying payment of the claim when AFLAC knew or should have known that liability was reasonably clear. The actions of AFLAC proximately caused injury and damage to VAN GELDER.

### Prayer

48. After consideration of this matter, VAN GELDER prays that final judgment be rendered for VAN GELDER as follows:

    a. Judgment (including the declaration) against AFLAC for actual damages in an amount to be determined by the Court;

    b. Statutory benefits;

    c. Treble damages for knowing violations;

    d. Pre-judgment interest as provided by law;

    e. Post-judgment interest as provided by law;

  f.  Attorney's fees;

  g.  Costs of suit; and

All other relief, general or special, at law or in equity, to which VAN GELDER shows himself entitled to receive.

        Respectfully submitted,

        CALDWELL FLETCHER, P.C.

      By: */s/ Caldwell Fletcher*
        CALDWELL FLETCHER
        TBN: 07141710
        E-Mail: caldwell@caldwellfletcherpc.com
        3401 Allen Parkway, Suite 100
        Houston, TX   77019
        Telephone: 713/284-1624
        Telefax: 1-713/583-9883

        Attorneys for JAN VAN GELDER